SAVOY, Judge.
This is an expropriation suit. Plaintiff has deposited in the Registry of the court the sum of $15,430.00; $13,040.00 being for the land and improvements; and $2,390.00 as severance damages to the remainder of the property after the taking. Defendant landowner filed an answer agreeing to the taking but praying for a larger sum fot the property expropriated, and also for an increase in severance damages.
After a trial on the merits, the district judge granted defendants $35,144.60 less the amount of $15,430.00 deposited by plaintiff. The court also allowed $1,450.00 to Mr. Habeeb Monsur, Jr. as expert fees. Plaintiff appealed.
Defendant’s property is situated in Lots 2 and 3 of Square 24 of the Old Town of Alexandria in the City of Alexandria, Louisiana. The property had a frontage before the taking of 56.81 feet on Third Street, and 56.76 feet on Fourth Street. The length of the property running north and south is 213.40 feet. Before the taking, the property comprised 12,203 square feet. The part taken comprised approximately 4,376 square .feet. An atea comprising 1,026 square feet was left in the northwest corner of Lot 2 after the taking. An aggregate of 6,801 square feet remained in the southeast corner of Lot 2 and in Lot 3.
The plaintiff had two experts, namely, Messrs. Gene N. Cope and M. C. Gehr. Mr. Habeeb Monsur, Jr. was the expert for defendant.
Mr. Cope placed a value on the property at $1.50 per square foot. The district judge stated that he did not consider Cope an expert because of insufficient training and excluded his testimony in arriving at his decision.
Mr. Gehr gave the property expropriated a value of $2.45 per square foot and did not allot any severance damages. The court stated that Mr. Gehr did not use any comparables in arriving at the value placed on the property expropriated.
The district judge gave more weight to the testimony of Mr. Monsur in arriving at his decision. Mr. Monsur testified that the land expropriated was worth $3.00 per square foot although he was frank to admit that he was hard pressed to find any comparables. Due to Mr. Monsur’s extensive dealing in real estate, we will agree with his finding of $3.00 per square foot as the value of the property expropriated.
Since there were approximately 4,376 square feet expropriated, we hereby fix the sum of $13,128.00 as the value of the land expropriated.
The remainder of the land in the northern part of Lot 2 after the expropriation consists of 1,026 square feet. This property is in the shape of a triangle. Its use *816 had been practically destroyed because of the expropriation. Mr. Monsur was of the opinion that it had suffered 90% severance damages. We agree with this conclusion. We have rounded the severance damages to this parcel of land to the sum of $2,770.00.
In the southeast corner of Lot 2 there remained approximately 937 square feet after the taking. This parcel is in the shape of a rectangle. Mr. Monsur estimated the severance damage to this tract to be 60%. We agree with this estimate. We have rounded the severance damages to the sum of $1,680.00.
Mr. Monsur estimated the severance damages to Lot 3 at 30%, or $5,263.97. While we find a minor discrepancy in the square footage left in Lot 3, as shown on plaintiff’s exhibit of the property and that found by Mr. Monsur, since he had found the severance damage to that tract to be $5,263.97, we cannot award defendant any more than testified to by her expert.
Mr. Gehr and Mr. Monsur, the experts, and the trial judge found that the house on Lot 2 had no value. We agree with this finding.
While we regard the expert fees of Mr. Monsur to be on the high side, we will not disturb the trial judge’s award.
We therefore find the value of the land expropriated and severance damages to be the sum of $22,841.97.
For the reasons assigned the judgment of the district court is amended by reducing the award to defendant from the sum of $35,144.60 to the sum of $22,841.97, and as amended is affirmed. Plaintiff to pay costs of this appeal.
Amended and affirmed.